UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: PHYLLIS GRAY,       Case No. 05-45793

      Debtor.       Chapter 13

**DECISION AND ORDER**

The debtor has requested a reinstatement of the automatic stay under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). For the reasons explained below, the Court grants that request.

A.     Factual Background

On November 17, 2005, debtor Phyllis L. Gray filed a petition for Chapter 13 bankruptcy protection. Because she filed this petition after October 17, 2005, BAPCPA governs her matter. Section 362(c)(3)(A) of BAPCPA states that if a debtor had a prior bankruptcy matter dismissed in the one-year period preceding the filing of the current petition, the stay terminates "on the 30th day after the filing of the later case."

On December 17, 2005–the 30th day after the debtor filed her petition–she filed a Motion for Reinstatement of the Automatic Stay. In this motion, the debtor indicated that she had had a prior bankruptcy matter–docket number 04-332735-SVK–which had been dismissed for failure to make payments. The court docket verifies this–the prior Chapter 13 petition was filed on September 1, 2004, and was

1

dismissed on November 9, 2005 upon the motion of the trustee for failure to make adequate payments.

The debtor requested that the stay be reinstated only as to her residence; the relevant creditor was Citibank. On the same date the motion to reinstate the stay was filed, the debtor served notice of the motion on counsel for Citibank, counsel for Chase Home Finance and the trustee.

As grounds for her request to reinstate the stay, the debtor indicated that she had been unable to complete the previous Chapter 13 because of a serious heart condition which resulted in surgery. Due to the illness and the hospitalization, she had not been able to make the payments on the plan, and therefore the petition had been dismissed. The debtor also noted that she had "brought a motion requesting the reinstatement of the automatic stay within 30 days of filing the new case."

There was no objection filed to the motion to reinstate the stay, although it should be noted that the Court did not wait the customary 15 days for objections mandated by Local Rule 9014 of the bankruptcy court for the Eastern District of Wisconsin.[1] Oddly, however, on January 11, 2006–25 days after the automatic stay terminated under § 362(c)(3)(A)–counsel for Citibank filed a Motion of Citibank,

---

[1] The Court notes that the debtor's motion was not accompanied by the notice required in Local Rule 9014. That rule requires that a notice of motion "shall clearly state that if the party against whom relief is sought wishes to be heard on the motion, an objection must be filed and served within fifteen (15) days of the service of the notice . . . ." The circumstances of this particular matter render that flaw reparable, but counsel practicing in the Eastern District of Wisconsin are reminded to consult the local rules regarding appropriate notice and motion practice.

N.A. as Trustee for Relief from Automatic Stay. The notice of motion stated that objections were due by January 26, 2006. No hearing has yet been scheduled on that motion.

On January 17, 2006, the Court held a hearing on the debtor's motion to reinstate the stay. Present at the hearing were the debtor, her counsel and the Chapter 13 trustee. No one was present on behalf of Citibank, although counsel for Citibank was provided electronic notice of the hearing on December 30, 2005–18 days before the scheduled hearing. At that hearing, the Court expressed its concern that it might not have authority to grant the relief requested, because while the motion had been filed on the 30th day, there had been no way to have the hearing completed within the 30-day period before the stay was to terminate.[2] Counsel made appropriate equitable arguments on behalf of his client. The Court heard an offer of proof regarding whether this second filing was in good faith, and determined that it was. The Court deferred decision on the issue of its authority to grant relief, however, until debtor's counsel could have an opportunity to submit any authority for his position.

On January 19, 2006, debtor's counsel corresponded with the Court, requesting a temporary stay on equitable grounds, due to a "legitimate question as to the law" and the substantial hardship the loss of the debtor's home would create. Counsel requested an extension of the stay for 15 days.

---

[2] As further discussion will demonstrate, the Court's concerns were the result of a misunderstanding of the relief the debtor was requesting.

3

B.  Applicable Law

1. *Jurisdiction and Venue*

Jurisdiction is proper pursuant to 28 U.S.C. § 157(b)(2)(G), which gives bankruptcy judges the authority to hear and determine "all core proceedings arising under title 11"; motions to terminate, annul or modify the automatic stay are enumerated as "core proceedings." Venue is appropriate under 28 U.S.C. § 1409(a), because the debtor's petition is pending in this district.

2. *Automatic Stay under BAPCPA*

BAPCPA has changed the contours of the automatic stay, which has long enjoined creditors from action regarding property of a debtor who has filed for bankruptcy. Pursuant to section 362(c)(3) of BAPCPA, if a "case" is filed "by or against" an individual debtor, and the debtor had a "case" "pending within the preceding 1-year period" which was dismissed, the following occurs: "the stay . . . with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case." Under section 362(c)(3)(B), the debtor who finds herself in this situation may ask that the stay be continued, but a court cannot continue the stay unless (a) there is both notice and a hearing "completed before the expiration of the 30-day period," and (b) the debtor demonstrates that the second "case" was filed "in good faith as to the creditors to be stayed."

Similar but more drastic in some respects is the next part of § 362–§

4

Case 05-45793-pp    Doc 20    Filed 01/30/06    Page 4 of 20

362(c)(4)(A)(I). That section states that if a debtor has had *two or more* prior "cases" pending but dismissed within the preceding one-year period, "the stay . . . shall not go into effect upon the filing of the later case" at all. A debtor who finds himself in this situation may, within 30 days after filing the petition under consideration, ask the court to impose the stay. The court may do so after notice and a hearing if the debtor demonstrates that the petition under consideration was filed in good faith.

Thus, in place of the "old" automatic stay under the previous Bankruptcy Code–which remained in place until the case terminated or a party succeeded in persuading the court to lift it–debtors now face what sometimes is referred to as a "semi-automatic" stay. If a debtor never has filed bankruptcy before, or has had a case dismissed more than a year before the current filing, the stay remains as it did under the Code. If a debtor has had a prior case dismissed within the year preceding the current filing, the stay lasts only 30 days, and in order to get the stay extended, the debtor must both file a motion requesting such relief *and* complete a hearing on that motion within the 30-day period. If a debtor has had two or more prior cases dismissed within the prior year, there is *no* stay, and the debtor must ask, within 30 days of filing the current petition, for the stay to be imposed.

    3.   *Issues Arising under BAPCPA's Stay Provisions*

In the short time that BAPCPA has been in effect, a plethora of issues surrounding the new "semi-automatic" stay has been identified by various courts. Many of these issues come into play in the debtor's matter, and what follows is an

5

attempt to identify and discuss them.

### a. What, Exactly, Gets Terminated Under 362(c)?

The first issue raised by the BAPCPA version of section 362 is whether, in fact, it terminates the stay *in all respects* for debtors who have had cases pending and dismissed in the previous year. The answer to this question may differ, depending on whether the debtor has had only one prior case dismissed or multiple prior dismissals.

#### i. Section 362(c)(3)(A)–Debtors with One Prior Dismissal

Section 362(c)(3)(A) states that, in the case of a debtor who has had one prior case dismissed in the preceding year, "the stay . . . with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." This language, as noted by Judge A. Thomas Small in In re: Paschal, 2006 Bankr. Lexis 25 (E.D.N.C. January 6, 2006), is tortured, to say the least. Judge Small wryly observes that

> [i]n an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out. It uses the amorphous phrase "with respect to" a total of four times in short order and raises questions about the meaning of the words "action taken," and "to the debtor." The language of the statute is susceptible to conflicting interpretations, and if read literally, would apply to virtually no cases at all. In sum, it's a puzzler.

Id. at 4-5.

The Paschal court's thorough and careful parsing of the language of the

6

statute led it to conclude that the term "action" in the phrase, "[the stay shall terminate] with respect to *any action*," meant "a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding" which takes place prior to the filing of the debtor's current petition. Id. at 15.

Read this way, § 362(c)(3)(A) terminates the stay after 30 days in only a very few, narrow circumstances. At the moment, however, the Paschal interpretation of § 362(c)(3)(A) is a minority of one. In cases such as In re: Warneck, 2006 Bankr. LEXIS 27 (S.D. New York, January 4, 2006); In re: Toro-Arcila, 334 B.R. 224 (S.D. Texas, 2005); In re: Taylor, 334 B.R. 660 (D. Minn. 2005); In re: Galanis, 334 B.R. 685 (D. Utah 2005); and In re: Wilson, 2005 W.L. 3693206 (E.D. Tenn. 2005), courts have assumed that the language of § 362(c)(3)(A) mandates a full termination of the protections of the stay on the 30th day. This assumption seems to comport with the Congressional intent expressed in the legislative history, such as it is. *See* E-2 Collier on Bankruptcy App. Pt. 10(b) at App. Pt. 10-333 (15th ed. Rev. 2005) (quoting Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256 (April 8, 2005)).

        ii.    **Section 362(c)(4)(A)(i)–Debtor With Two or More Prior Dismissals.**

In contrast to the tangled language of § 362(c)(3)(A), the language of § 362(c)(4)(A)(i)–dealing with debtors who've had two prior petitions dismissed in the preceding year–is relatively straightforward. It states that for those debtors,

7

"[t]he stay . . . shall not go into effect upon the filing of the later case." There appears to be no question under this section that the stay never is imposed for those debtors who have had two or more prior pending cases dismissed within the preceding year. The language is so clear, in fact, that in § 362(c)(4)(A)(ii), Congress even gave express permission for parties to seek comfort orders confirming that the stay is not in effect; there is no similar provision in § 362(c)(3)(A).[3]

Accordingly, it appears as if the stay may, or may not, fully terminate on the 30th day for debtors with one prior dismissal in the previous year, and definitely is not available for those debtors with two or more dismissals in the previous year.

b. <u>What Is a Debtor's Remedy Under § 362?</u>

When a debtor discovers that she is subject to a truncated stay, or none at all, she still has options under BAPCPA. Those options, however, contain procedural traps for the unwary.

i. **Remedy under § 362(c)(3)**

Section 362(c)(3)(B) provides the following remedy for the debtor who has had one previous case dismissed in the preceding year:

> [O]n motion of a party in interest for continuation of the
> automatic stay and upon notice and a hearing, the court may extend
> the stay in particular cases as to any or all creditors (subject to such
> conditions or limitations as the court may then impose) after notice
> and a hearing completed before the expiration of the 30-day period only
> if the party in interest demonstrates that the filing of the later case is

---

[3] Oddly, § 362(j) contains an omnibus provision allowing any party to request an order confirming termination of the stay under § 362(c), which appears to render § 362(c)(4)(A)(ii) unnecessary.

8

in good faith as to the creditors to be stayed . . . .

Unpacking this language, one sees that there are several steps a debtor must take in order to have that 30-day stay extended for a longer period of time.

* The debtor must file a motion with the court, asking that the stay be continued;

* there must be notice and a hearing on that motion;

* the notice and hearing must be *completed* before the 30-day truncated stay expires; and

* the debtor must demonstrate that the filing of the case at issue was in good faith as to the creditors to whom the stay is to be extended.

Case law in the past two or three months has shed further light on the details of these requirements.

A. Content of the Motion

With regard to the motion itself, at least one court has indicated that it will grant an unopposed motion to extend the stay without a hearing, if the court finds that "counsel in their Motion have properly pled all the elements under § 362(c)(3) including rebutting by clear and convincing evidence the presumption that the case was not filed in good faith." In re: Phillips, 2006 Bankr. LEXIS 37, *6 (E.D. Okla. January 6, 2006).

B. Notice

Regarding the required notice and hearing, several courts have held that debtors must provide adequate notice to any and all creditors as to whom the stay will be extended. What constitutes adequate notice varies by district. In

9

Minnesota, creditors have the right "to be notified of the request for such relief, and to know the particulars of the request." In re: Collins, 334 B.R. 655, 658 (D. Minn. Nov. 29, 2005). In addition, the Minnesota court held that the notice required by § 362(c)(3)(A) is, "at the very least, service on those individual creditors that the debtor would have subjected to the extended stay–and, most prophylactically, on all creditors." Id. at 659. In terms of timing, the notice must be "filed and delivered not later than ten days, or mailed not later than fourteen days before the hearing date." In re: Taylor, 334 B.R. 660, 663 (D. Minn. Dec. 9, 2005). In the Eastern District of Tennessee, pursuant to the local rules, the debtor is required to effect service "at least 20 but no more than 40 days" before the hearing. In re: Wilson, 2005 WL 3693206 at 6 (E.D. Tenn. Dec. 5, 2005).

The local rules for the Eastern District of Wisconsin do not require notices to be filed a certain number of days before a hearing. Rather, Local Rule 9014 requires that notices must give the party against whom relief is to be sought 15 days to object. If there has been no objection, the court may decide the motion without a hearing. If there has been an objection, the court sets a hearing.

### C. Timely Hearing

The crunch in this process comes from the requirement that the hearing must be completed *before* the expiration of the 30-day stay. Taking into account the need to serve some or all of the creditors with the notice, and the required 15-day objection period, this requirement can be difficult to meet. In In re: Toro-Arcila, 334

10

B.R. 224 (S.D. Texas Dec. 12, 2005), the debtor filed the motion asking for extension of the stay at 8:33 p.m. on the 30th day after the petition was filed. The court stated,

> For obvious reasons, the Court was not presented with the motion until after the expiration of 30 days from the date of the filing of the petition. Accordingly, there was no opportunity for notice and hearing before the expiration of the 30th day. In accordance with the provisions of [BAPCPA], the automatic stay terminated by operation of law under § 362(c)(3)(A) and no relief can be granted under § 362(c)(3)(B).

Some have suggested that the only way to assure a chance at having one's request to extend the stay considered in a timely fashion is to file that request at the same time the petition is filed. Needless to say, this requires debtors to disclose early to their counsel the fact of having a pending bankruptcy dismissed in the preceding year.

### D. Good Faith Requirement

Even after a debtor makes his way through all of these procedural requirements, he still must prove that his current filing was made in good faith as to the creditors to be stayed. The statute defines a series of circumstances in which it is presumed that the filing at issue was made in bad faith.

As to all creditors, it is presumed that the filing was in bad faith if:

* the debtor had more than one previous case pending within the preceding one year;

* the debtor had a previous case dismissed within the preceding one year for (a) failure to file or amend documents without a substantial excuse, (b) failure to provide adequate protection as ordered by the court, or (c) failure to perform the terms of a confirmed plan; *or*

* the debtor has not had a substantial change in her financial or

11

personal affairs between the dismissal of the prior case, or any other reason to conclude that the later-filed case will be completed successfully.

As to an individual creditor, bad faith is presumed if that creditor had commenced an action to terminate, annul, modify or condition the stay in the debtor's previous case which was still pending at the time the previous case was dismissed, or which had been resolved in the creditor's favor when the previous case was dismissed. 11 U.S.C. § 362(c)(3)(c).

The statute states, and several courts have held, that, when the presumption of bad faith arises, the debtor may rebut that presumption only by "clear and convincing evidence." *See* In re: Phillips, 2006 Bankr. LEXIS 37, at p. 5; In re: Havner, 2006 WL 51214 at p. 3 (M.D.N.C. Jan. 4, 2006); In re: Charles, 334 B.R. 207, 216 (S.D. Texas Nov. 30, 2005. If the presumption of bad faith does not arise, the debtor must prove good faith by a preponderance of the evidence. *See* In re: Charles, 334 B.R. at 217.

    ii.    **Remedy under § 362(c)(4)**

The procedure laid out for those debtors with *two or more* dismissed cases in the preceding year is different from the one described above for § 362(c)(3). Section 362(c)(4)(B) states that "if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors . . . after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be

12

stayed."

Unlike § 362(c)(3), there is no requirement that the hearing be completed–or even held–within the 30 days. *See* In re: Toro-Arcila, 334 B.R. 224, 226 (S.D. Texas Dec. 12, 2005). Rather, in order to have the stay imposed, the debtor need only make the *request* within the 30 days. Id. As of today's date, there do not appear to have been any decisions interpreting the notice requirement or the good-faith standard in § 362(c)(4), but the statutory language of the two sections as to these issues are virtually identical. This might lead one to conclude that, as in cases seeking to extend the stay under § 362(c)(3), the debtor would need to provide adequate notice to the affected creditors or all creditors, would have to rebut the presumption of bad faith by clear and convincing evidence, and would have to prove good faith in cases where the presumption does not arise by a preponderance of the evidence.

C.     Application of the Law to Ms. Gray's Circumstances

As indicated, the debtor filed the current Chapter 13 petition on November 17, 2005. Because she had one prior bankruptcy case dismissed in the year preceding November 17, 2005, § 362(c)(3)(A) mandated that the stay terminate on the 30th day after filing "with respect to any action taken with respect to a debt or property securing such debt . . . ." For this debtor, the stay terminated on December 17, 2005.

At 2:38 p.m. on December 17–the 30th day–the debtor filed a Motion for

13

Reinstatement of the Automatic Stay. The Court did not immediately catch the fact that the debtor was requesting, not a continuance of the 30-day stay, but a "reinstatement" of the stay.[4] Rather, the Court treated the motion as if it were a request to continue the 30-day stay under § 362(c)(3)(B). This is why the Court expressed concern at the January 17, 2006 hearing on the motion that it did not have the authority to grant the requested relief–because notice and a hearing on the request to extend the 30-day stay must be *completed* within the 30 days in which the stay is in effect, the Court could not comply with § 362(c)(3)(B) in cases where the request was made on the 30th day.

1. *Does § 362(c)(3) Authorize Reinstatement of the Stay?*

After the hearing, however, in conducting further research on the relevant provisions of § 362, the Court realized that the debtor had requested that the stay be "re-instated." Section 362(c)(3) makes no provision for a "reinstatement" of the stay. It merely contemplates extension of the stay. So this motion cannot be governed by § 362(c)(3).

2. *Does § 362(c)(4) Authorize a § 362(c)(3) Debtor to Request a Reinstatement of the Stay?*

Section 362(c)(4) allows a party to ask for an order putting the stay into effect. Clearly it does not authorize motions for "reinstatement" of the stay–under § 362(c)(4), the stay never was imposed in the first place. The question, then, is

---

[4] The Court notes that pleadings which make reference to the legal basis for the requested action–by citing statute sections, for example, or case authority–make it much easier for the Court to consider the relief the movant actually seeks.

14

Case 05-45793-pp    Doc 20    Filed 01/30/06    Page 14 of 20

whether a debtor governed by § 362(c)(3) can somehow use § 362(c)(4) to petition the court to reinstate the stay that terminated after 30 days.

Only one court has dealt with this question. In <u>In re: Toro-Arcila</u>, the debtor made a two-pronged request. First, he asked the court to extend the automatic stay under § 362(c)(3)(B). He also asked, however, that the court reimpose the stay under § 362(c)(4). As discussed above, the Texas court concluded that it could not extend the stay, because it was impossible to complete notice and a hearing on the motion within the 30-day period in which the stay was in effect. <u>In re: Toro-Arcila</u> at 226.

Most of the court's attention focused on the debtor's request to re-impose the stay. The <u>Toro-Arcila</u> court noted the fact that § 362(c)(3) concerned debtors with one prior dismissal in the preceding year, and § 362(c)(4) concerned debtors with two or more prior dismissals in the preceding year, and sought to determine whether a debtor under § 362(c)(3) had any possible remedy under § 362(c)(4). <u>Id.</u> Making this determination required the same painstaking parsing of tortured statutory language that the <u>Paschal</u> court had conducted.

Section § 362(c)(4)(B) states that a court can order the stay imposed only if the party in interest "demonstrates that the filing of the *later case* is in good faith . . . ." The <u>Toro-Arcila</u> court said that if the words "later case" in § 362(c)(4)(B) refer only to a case filed by a debtor who has had two or more cases pending and dismissed in the previous year, as defined by § 362(c)(4)(A)–and not to a case filed

15

Case 05-45793-pp    Doc 20    Filed 01/30/06    Page 15 of 20

by a debtor who has had only one prior case dismissed–then the majority of the provision governing the presumption of bad faith would be rendered surplusage. Id. at 227.

This Court must confess that, having read both the statutory sections referred to in Toro-Arcila and the language of the decision itself several times, it fails to understand how the bad faith presumption in § 362(c)(4)(D) is rendered surplusage if § 362(c)(4)(B) applies only to debtors who have had two prior cases dismissed in the preceding year. What the Court finds much more compelling is the Toro-Arcila court's discussion of the rather absurd possibilities created by *not* allowed debtors governed by § 362(c)(3) to ask to have the stay reinstated.

The Toro-Arcila court imagined that, in a world where a § 362(c)(3) debtor could not ask a court to reimpose the terminated stay, the following could occur:

> A debtor . . . who waited until the 30th day to seek an extension of the automatic stay would not be able to obtain the extension in the second filed case, but would be able to dismiss the second filed case and get a hearing in a third filed case. Put simply, if the Court denies Mr. Toro-Arcila a hearing, he has the right to dismiss this case (see § 1307(b)). If he dismissed this case and refiled, he would not obtain an automatic stay, but would obtain the right to a hearing under § 362(c)(4) that might allow for a court-imposed stay. Congress could not have meant to create such gamesmanship.

Id. at 228-229.

This Court agrees with Toro-Arcila's view of the circumstances the new § 362 creates. If, as many presume, the purpose of § 362(c)(3) and (c)(4) is to make it progressively harder for certain kinds of repeat filers to obtain the protections of the

16

automatic stay, it seems odd that a debtor who has had only one prior case dismissed must file a motion, notice the creditors, have her hearing *and* prove good faith within 30 days or she loses the stay permanently, while a debtor who has had two or more cases dismissed need only request the hearing within 30 days and prove good faith to avail himself of a stay that could remain in effect for the duration of the matter. Further, a loophole allowing a debtor who fails to request an extension within 30 days to simply dismiss, re-file, and obtain the same hearing he failed to obtain in the second case seems, as Toro-Arcila describes it, nothing more than an opportunity for gamesmanship.

Interpreting the statute to allow § 362(c)(3) debtors to seek a hearing asking for reimposition of the stay doesn't provide a panacea for all repeat filers. Debtors who've had only one case dismissed in a previous year will always fare better if they can have an existing stay continued, rather than being left vulnerable after termination and being forced to seek re-imposition of the stay. And even a request for re-imposition must be filed within the 30-day period after the filing of the petition, so the hapless debtor who requests only an extension of the stay on the 28th or 30th day is likely out of luck. Finally, of course, debtors in both instances must surmount the good faith hurdle, which is harder to clear for those debtors who had cases dismissed for the reasons enumerated in §§ (c)(3)(C) and (c)(4)(D).

For these reasons, the Court concludes that a debtor such as Ms. Gray, who had a prior case dismissed in the preceding year and requested *reinstatement* of the

17

stay within 30 days of the filing of the instant petition, may properly seek that relief, and obtain a hearing after the 30-day period has expired.

3. *Did the Debtor Provide Adequate Notice?*

The debtor requested relief only as to a single creditor. While the safest route in these matters is for a debtor to serve all creditors, the critical issue appears to be whether the creditor against whom the stay is sought is served. In this case, that creditor–Citibank–was served.

The debtor served Citibank on December 17, 2005–the same date on which she filed the motion to reinstate the stay. The Court held a hearing on the matter on January 17, 2006, and notice of that hearing went to the creditor electronically on December 30, 2005–eighteen (18) days before the hearing.

The creditor, therefore, had almost a month to review the motion and determine what was being alleged, and over two weeks' notice of the scheduled hearing. This notice is adequate under the statute and the Eastern District local rules.

4. *Did the Presumption of Bad Faith Arise in this Case?*

The debtor's previous case, filed on September 1, 2004 before Judge Susan V. Kelley of the Eastern District, was dismissed on November 9, 2005. The trustee moved to dismiss the matter on November 24, 2005 for failure to make plan payments–after the debtor objected, the court allowed the trustee to withdraw the motion, but provided that the trustee could renew the motion by letter in the event

18

that the debtor again failed to pay. On October 12, 2005, the trustee renewed the motion to dismiss; the stated reason was the debtor's failure to make plan payments.

Section 362(c)(3)(c)(i) indicates that the presumption of bad faith arises with respect to all creditors if the debtor had a previous case dismissed within the previous year for, among other things, failure to "perform the terms of a plan confirmed by the court." In Ms. Gray's previous case, her plan was confirmed on December 23, 2004. Thus, it appears that when the case was dismissed on November 9, 2005, it was dismissed for failure to "perform the terms of a plan confirmed by the court." Accordingly, the presumption arises that Ms. Gray's current petition was filed in bad faith.

Ms. Gray can, of course, rebut that presumption by clear and convincing evidence. The Court took evidence (by proffer from Ms. Gray's counsel) at the January 17, 2006 hearing. Counsel for the debtor proffered testimony that the debtor had been hospitalized due to surgery for a serious heart condition, and that this was what resulted in her failure to make the plan payments in the previous case. Counsel also proffered that Ms. Gray's circumstances had since changed–her health was better, and she was now in a position to make plan payments.

At that time, the Court concluded–in the absence of counsel for the creditor[5]

---

[5] The debtor served local counsel for Citibank with the motion to reinstate the stay, and that same counsel was served with notice of the January 17 hearing. No one appeared on behalf of Citibank at the January 17 hearing.

and without expressly applying the clear-and-convincing burden of proof–that Ms. Gray had demonstrated that the current filing was made in good faith. That remains the Court's conclusion today–in the absence of objection by counsel for the creditor and in light of the evidence proffered by debtor's counsel, the Court finds by clear and convincing evidence that the debtor has rebutted the presumption of bad faith.

D.  Conclusion

In light of the above discussion, the Court here by GRANTS debtor Phyllis Gray's motion to reinstate the stay as to creditor Citibank (Docket No. 13), with regard to the residence located at 2954 North 45th Street, Milwaukee, WI 53210. This order will become effective on February 7, 2006.

SO ORDERED this 30th day of January, 2006.

_____
HON. PAMELA PEPPER
U.S. Bankruptcy Court

Cc: Phyllis Gray
Debtor

Paul Himsel
Counsel for the Debtor

Jay Pitner
Counsel for Citibank

Mary B. Grossman
Standing Chapter 13 Trustee

Office of the U.S. Trustee